**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Jagrant Gill,

    Petitioner,

v.

United States of America,

    Respondent.

Case No. 26-CV-2764 (MJD/DLM)

**REPORT AND RECOMMENDATION**

---

Petitioner Jagrant Gill has filed a petition for a writ of habeas corpus contending that the Federal Bureau of Prisons has wrongfully failed to allow him to apply time credits earned under the First Step Act of 2018 ("FSA"). *See generally* Doc. 1 ("Petition"). The Petition strongly suggested, without quite saying, that Mr. Gill was subject to a final order of removal. If so, then this would be a substantial impediment to any claim of entitlement to FSA time credits brought by Mr. Gill, as a person is "ineligible to apply time credits under [the FSA] if the prisoner is the subject of a final order of removal." 18 U.S.C. § 3632(d)(4)(E).

Because the factual issue of whether Mr. Gill is subject to a final order of removal was likely to be determinative of the claims raised in the habeas petition, the government was directed to either establish that Mr. Gill was subject to a final order of removal or, if the government could not do so, to explain more fully why habeas relief should not be granted in this matter. (Doc. 6). The government responded with a copy of Mr. Gill's final order of removal, consistent with the Court's prior order. (Doc. 8-2.) Mr. Gill was offered

an opportunity to file a reply to the government's response within 14 days of the date that the response was filed, but the deadline for doing so has now passed, and Mr. Gill has not filed a reply or provided any reason to believe that he is not subject to a final order of removal.

Prisoners subject to a final order of removal are not eligible to earn and apply time credits under the FSA. *See* 18 U.S.C. § 3632(d)(4)(E). Under the FSA, then, he cannot apply FSA time credits. The only remaining loose end is Mr. Gill's claim that regardless of what the FSA says, it would be a violation of his constitutional equal protection rights to permit citizens and other individuals not subject to a final order of removal to earn FSA time credits while denying the same privilege to persons subject to a final order of removal. As courts of this District and elsewhere have explained previously, this claim does not hold up to scrutiny: "Section 3632(d)(4)(E)(i) does not violate equal protection by denying [FSA time credits] to non-citizens subject to a final order of removal." *Gonzalez v. United States*, No. 25-CV-3938 (LMP/DLM), 2025 WL 3687977, at *2 (D. Minn. Dec. 19, 2025) (citing *Cheng v. United States*, 132 F.4th 655, 658 (2d Cir. 2025); and *Lopez v. Emmerich*, No. 24-3195, 2025 WL 3172841, at *2 (7th Cir. Nov. 13, 2025)); *accord Dominguez v. United States*, No. 25-CV-3854 (MJD/DTS), 2025 WL 3906310, at *1 (D. Minn. Nov. 10, 2025) (collecting cases). "To survive an equal-protection challenge, the challenged FSA provision at issue need only survive rational-basis review, and there is an obvious rational basis for the provision barring persons subject to a final order of removal from earning time credits: 'eliminating time credits reasonably reduces the risk that noncitizens with removal orders will flee and ensures that noncitizens who enter or remain in the country illegally

and commit felonies within the United States are required to serve their full prison sentences.'" *Id.* (citing *Cheng*, 132 F.4th at 658). Because § 3632(d)(4)(E) survives rational-basis review, Mr. Gill cannot succeed on an equal-protection claim challenging the legality of that provision.

Mr. Gill is not entitled to habeas corpus relief. His habeas petition therefore should be denied and this matter should be dismissed.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Jagrant Gill (Doc. 1) be **DENIED**.

2. This matter be DISMISSED.

Dated: July 8, 2026                              _s/Douglas L. Micko_____
                                                 DOUGLAS L. MICKO
                                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local

3

Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

4